758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT HENDERSON, PLAINTIFF-APPELLANT,
v.
INDUSTRIAL MUTUAL ASSOCIATION, INC., A MICHIGAN CORPORATION,
AND AMALGAMATED WORKERS LOCAL UNION NO. 383, RETAIL
WHOLESALE AND DEPARTMENT STORE UNION, AFL-CIO, A LABOR
ORGANIZATION, AND U.S. FIDELITY AND GUARANTEE INSURANCE
COMPANY, A FOREIGN INSURANCE COMPANY, DEFENDANTS-APPELLEES.
 NO. 84-1131
 United States Court of Appeals, Sixth Circuit.
 2/19/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; ENGEL, Circuit Judge; and RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff Robert C. Henderson filed suit in a Michigan state court against his employer, Industrial Mutual Association, Inc. (IMA), and his union, Amalgamated Workers, Local Union No. 383, Retail, Wholesale and Department Store Union, AFL-CIO (the union), and an insurance company alleging wrongful discharge from employment, negligent representation by the union, a conspiracy to damage plaintiff, and defamation. After the case was removed to the United States District Court for the Eastern District of Michigan a number of depositions were taken concerning the facts surrounding the plaintiff's discharge from employment and the failure of the union to process and press his grievance based on his discharge. Following the filing of motions to dismiss and for summary judgment, the plaintiff and the defendants filed additional affidavits. Considering the record as thus made up, the district court granted the motions of the employer and the union for summary judgment (the insurance company having previously been dismissed) and remanded the defamation claim to the state court.
 
 
 2
 On appeal the plaintiff contends that there was a genuine issue of material fact with respect to the union's duty of fair representation while the defendants maintain that nothing offered by the plaintiff in response to the motions for summary judgment created such an issue.
 
 
 3
 IMA provides food services within industrial plants, and plaintiff was employed by IMA for many years. At the time of his discharge he was working as a storekeeper, responsible for sales through an over-the-counter retail store, mobile carts and stationary vending machines. He was assigned to work in a General Motors plant and was paid a commission based on his sales as reported periodically. During a spot check by IMA in December 1982 it was discovered that plaintiff's actual inventory of items for sale was drastically below the amount which he had reported on November 30, 1982. Following the spot check, a full inventory was taken after plaintiff had been notified of the time that it would be conducted, but plaintiff did not appear and did not request any union representative to appear on his behalf. When the full inventory process confirmed the results of the spot check, IMA discharged plaintiff on January 8, 1983. Taking the plaintiff's position as disclosed by discovery and affidavits, he did not request the union to file a grievance until March or April 1983. Even then, when no grievance was filed, plaintiff did not follow through with any further demands upon the union. In July 1983 plaintiff employed an attorney and in August this attorney drafted a grievance which was presented to the union. Plaintiff and his counsel attended the meeting at which the union decided it would not proceed with the grievance.
 
 
 4
 On appeal plaintiff contends that the union acted arbitrarily in refusing to press his grievance and that this action of the union reflected a longstanding hostility within the local membership against the members who were paid by commission. Most of the members of the local were paid hourly wages or a salary. All parties agree that the issue is whether the union acted reasonably in declining to process and press the grievance ultimately filed by the plaintiff.
 
 
 5
 Unions have a duty to represent all members of a collective bargaining unit fairly, and failure to perform this duty gives rise to an action over which district courts have jurisdiction. Vaca v. Sipes, 386 U.S. 171 (1967). In Ruzicka v. General Motors Corporation, 659 F.2d 1207, 1211-12 (6th Cir. 1981), this court held that when a union is charged with inaction, that is failure to file or press a grievance on behalf of a unit member, a showing of more than mere negligence is required for a finding of failure of fair representation. The plaintiff must establish that the union acted arbitrarily or in bad faith in failing to process the grievance.
 
 
 6
 Considering the fact that a very large discrepancy in the plaintiff's inventory occurred in a short period of time and the plaintiff waited some three months to seek any assistance from the union and some eight months before filing a grievance, we cannot find that the union acted arbitrarily or in bad faith in failing to process that grievance. Accordingly, we agree with the district court that the plaintiff failed to disclose the existence of a genuine issue of material fact.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Carl Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation